William H. Sloane
Ronald D. Spencer
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3232
*Attorneys for Robert Indiana*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN GILBERT,                               :    ECF Case
                                            :
                        Plaintiff,          :    Index No. 09 Civ. 6352 (DAB)
                                            :
        - against -                         :
                                            :    ANSWER
ROBERT INDIANA,                             :
                                            :
                        Defendant.          :
------------------------------------------------------------x

      Defendant Robert Indiana ("Defendant"), by and through his attorneys, Carter Ledyard & Milburn LLP, respond to the allegations of the complaint (the "Complaint") of Plaintiff John Gilbert ("Gilbert" or "Plaintiff") as follows:

      1.    The Defendant denies the allegations contained in paragraph 1 of the Complaint.

      2.    The Defendant denies the allegations contained in paragraph 2 of the Complaint.

      3.    The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required.

      4.    The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

      5.    The Defendant admits the allegations contained in paragraph 5 of the Complaint.

      6.    The Defendant denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 6 of the Complaint.

7. The Defendant admits that he has consented to litigate any dispute arising out of the alleged agreement that is the subject of this litigation in New York, and otherwise denies the allegations contained in paragraph 7 of the Complaint.

8. To the extent paragraph 8 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "7" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

9. The Defendant admits he has entered into at least one agreement with Plaintiff to produce a limited edition of certain works, and otherwise denies the allegations contained in paragraph 9 of the Complaint.

10. The Defendant admits he is a well known artist and that he has created works entitled "Eat," "Hug" and "Love" and otherwise denies the allegations contained in paragraph 10 of the Complaint.

11. The Defendant admits he has entered into certain agreements with Plaintiff and otherwise denies the allegations contained in paragraph 11 of the Complaint.

12. The Defendant denies he signed an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. The Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. The Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. The Defendant denies the allegations contained in paragraph 15 of the

6515092.1

Complaint.

16. The Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. The Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. The Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. The Defendant denies he entered into an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. The Defendant denies he entered into an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. The Defendant denies he entered into an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. The Defendant admits that he has denied his authorship of certain works, and otherwise denies the allegations contained in paragraph 22 of the Complaint.

23. The Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. The Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. The Defendant denies knowledge or information sufficient to form a belief as to

6515092.1

the truth of the allegations contained in paragraph 25 of the Complaint.

26. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. The Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. The Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. To the extent paragraph 30 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "29" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

31. The Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The Defendant denies he entered into an Agreement dated August 2, 2007, denies knowledge or information sufficient to form a belief as to the truth of allegations of any expenditures or efforts by Plaintiff, and otherwise denies the allegations contained in paragraph 32 of the Complaint.

33. The Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. The Defendant denies he entered into an Agreement dated August 2, 2007, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. The Defendant denies he entered into an Agreement dated August 2, 2007, and denies that he is liable for any damages to Plaintiff, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. To the extent paragraph 36 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "35" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

37. The Defendant denies he entered into an Agreement dated August 2, 2007, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. The Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. The Defendant denies he entered into an Agreement dated August 2, 2007, and denies he is liable for any damage to Plaintiff, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. To the extent paragraph 40 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "39" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

41. The Defendant denies he entered into an Agreement dated August 2, 2007, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. The Defendant denies the allegations contained in paragraph 42 of the

6515092.1

Complaint.

43. The Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. The Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. To the extent paragraph 45 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "44" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

46. The Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. The Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. The Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. To the extent paragraph 49 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "48" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

50. The Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. The Defendant denies he entered into an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. The Defendant denies the allegations contained in paragraph 52 of the

6515092.1

Complaint.

53. The Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. To the extent paragraph 54 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "53" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

55. The Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. The Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. The Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. The Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. The Defendant denies he entered into an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. The Defendant denies the allegations contained in paragraph 60 of the Complaint.

As to Plaintiff's WHEREFORE clause, Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's equitable claims are barred by reason of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendants' statements and expressions of opinion are protected and privileged under the First Amendment to the United States Constitution; Article One, Section Eight of the New York State Constitution; and Article One, Section Four of the Constitution of the State of Maine.

**WHEREFORE,** the Defendant respectfully requests the Court to enter an order:

a. Dismissing the Complaint with prejudice;

b. Awarding costs, expenses and attorneys' fees to Defendant; and

c. Awarding such other relief as the Court deems just and proper.

Dated. October 13, 2009
New York, NY

By. _William H. Sloane_ (signature)
William H. Sloane
Ronald D. Spencer
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York  10005
Tel.   (212) 732-3200
Fax.   (212) 732-3232
*Attorneys for Defendant Robert Indiana*