William H. Sloane
Ronald D. Spencer
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3232
*Attorneys for Robert Indiana*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JOHN GILBERT,                                                 :   ECF Case
                                                              :
                                 Plaintiff,                   :   Index No. 09 Civ. 6352 (DAB)
                                                              :
              - against -                                     :
                                                              :   AMENDED ANSWER AND
ROBERT INDIANA,                                               :   COUNTERCLAIMS
                                                              :
                                 Defendant.                   :
------------------------------------------------------------- x

    Defendant Robert Indiana ("Defendant"), by and through his attorneys, Carter Ledyard & Milburn LLP, responds to and pleads affirmative defenses to the allegations of the complaint (the "Complaint") of Plaintiff John Gilbert ("Gilbert" or "Plaintiff"), and alleges counterclaims against Gilbert, as follows:

    1. The Defendant denies the allegations contained in paragraph 1 of the Complaint.

    2. The Defendant denies the allegations contained in paragraph 2 of the Complaint.

    3. The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required.

    4. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

    5. The Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. The Defendant admits that he has consented to litigate any dispute arising out of the alleged agreement that is the subject of this litigation in New York, and otherwise denies the allegations contained in paragraph 7 of the Complaint.

8. To the extent paragraph 8 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "7" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

9. The Defendant admits he has entered into at least one agreement with Plaintiff to produce a limited edition of certain works, and otherwise denies the allegations contained in paragraph 9 of the Complaint.

10. The Defendant admits he is a well known artist and that he has created works entitled "Eat," "Hug" and "Love" and otherwise denies the allegations contained in paragraph 10 of the Complaint.

11. The Defendant admits he has entered into certain agreements with Plaintiff and otherwise denies the allegations contained in paragraph 11 of the Complaint.

12. The Defendant denies he signed an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. The Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. The Defendant denies the allegations contained in paragraph 14 of the Complaint.

6522670.2

15. The Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. The Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. The Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. The Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. The Defendant denies he entered into an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. The Defendant denies he entered into an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. The Defendant denies he entered into an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. The Defendant admits that he has denied his authorship of certain works, and otherwise denies the allegations contained in paragraph 22 of the Complaint.

23. The Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. The Defendant denies the allegations contained in paragraph 24 of the Complaint.

6522670.2

25. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. The Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. The Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. To the extent paragraph 30 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "29" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

31. The Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The Defendant denies he entered into an Agreement dated August 2, 2007, denies knowledge or information sufficient to form a belief as to the truth of allegations of any expenditures or efforts by Plaintiff, and otherwise denies the allegations contained in paragraph 32 of the Complaint.

33. The Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. The Defendant denies he entered into an Agreement dated August 2, 2007, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 34 of the Complaint.

35. The Defendant denies he entered into an Agreement dated August 2, 2007, and denies that he is liable for any damages to Plaintiff, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. To the extent paragraph 36 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "35" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

37. The Defendant denies he entered into an Agreement dated August 2, 2007, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. The Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. The Defendant denies he entered into an Agreement dated August 2, 2007, and denies he is liable for any damage to Plaintiff, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. To the extent paragraph 40 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "39" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

41. The Defendant denies he entered into an Agreement dated August 2, 2007, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

6522670.2

42. The Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. The Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. The Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. To the extent paragraph 45 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "44" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

46. The Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. The Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. The Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. To the extent paragraph 49 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "48" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

50. The Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. The Defendant denies he entered into an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

6522670.2

52. The Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. The Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. To the extent paragraph 54 of the Complaint repeats and realleges the allegations contained in paragraphs "1" to "53" of the Complaint, the Defendant repeats and realleges his prior responses thereto.

55. The Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. The Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. The Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. The Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. The Defendant denies he entered into an Agreement dated August 2, 2007 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. The Defendant denies the allegations contained in paragraph 60 of the Complaint.

As to Plaintiff's WHEREFORE clause, Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's equitable claims are barred by reason of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendants' statements and expressions of opinion are protected and privileged under the First Amendment to the United States Constitution; Article One, Section Eight of the New York State Constitution; and Article One, Section Four of the Constitution of the State of Maine.

## COUNTERCLAIM AGAINST JOHN GILBERT

Robert Indiana (the "Counterclaim Plaintiff" or "Mr. Indiana"), by and through his attorneys, Carter Ledyard & Milburn LLP, pursuant to Fed.R.Civ.P. 13, submit this Counterclaim against John Gilbert ("Counterclaim Defendant" or "Gilbert"), and allege as follows.

## COUNTERCLAIM PARTIES

1. Counterclaim Plaintiff is an individual residing in Vinalhaven, Maine.

2. Upon information and belief, Counterclaim Defendant is a resident of India and holds himself out as doing business in India and in New York, New York.

## JURISDICTION AND VENUE

3. This counterclaim is a compulsory counterclaim pursuant to Federal Rule of Civil Procedure 13(a).

4. This court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (b).

## FACTUAL ALLEGATIONS

6. Mr. Indiana is a renowned American artist.

7. Mr. Indiana is the creator of many iconic works, including "Love," in which the letters "L" and "O" are above the letters "V" and "E," with the letter "O" tilted on its side.

8. In 1995, Mr. Indiana entered into an agreement with Gilbert for the creation of certain limited edition tapestries depicting Mr. Indiana's "Love." That agreement specified the number and dimensions of the works in the authorized edition. Gilbert did not make timely full payments required by that agreement.

9. In 2007, Gilbert proposed an agreement for the production of an edition of works to be entitled "Prem Love."

10. Mr. Indiana did not sign an agreement with respect to "Prem Love."

11. Mr. Indiana did not create or provide any artwork to Gilbert to be used in the manufacture of any works pursuant to the proposed 2007 agreement for works to be entitled "Prem Love."

12. Gilbert manufactured sculptures and tapestries depicting the word "Prem" in English or Roman letters, works referred to as "English Prem."

13. Gilbert brought "English Prem" tapestries and sculptures to Mr. Indiana's studio in Vinalhaven, Maine, and took photographs of Mr. Indiana with those works, but Mr. Indiana did not authorize or approve those works.

14. Gilbert has posted photographs of Mr. Indiana on Gilbert's web site for the purposes of commercial advertising or promotion of the "English Prem" sculptures and tapestries with explanatory text stating that those photographs depict Mr. Indiana checking and approving the English Prem sculptures and tapestries.

15. Upon information and belief, "English Prem" sculptures have been offered for sale by Gilbert through Christie's and Sotheby's and art dealers.

16. Mr. Indiana, in response to inquiries from Christie's and Sotheby's, provided a letter stating that the "English Prem" was conceived by Gilbert in India and was not a work by Mr. Indiana.

## COUNTERCLAIM COUNT I
### (Lanham Act)

17. Counterclaim Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

6522670.2

18. "English Prem" is not a work by Mr. Indiana.

19. Counterclaim Defendant has falsely stated that the "English Prem" sculptures and tapestries are works by Mr. Indiana.

20. Counterclaim Defendant has made such false statements in commercial advertising and promotion of the "English Prem" works.

21. Counterclaim Defendant made such false statements for the purpose of influencing consumers to buy the "English Prem" sculptures and tapestries offered for sale by Counterclaim Defendant.

22. Counterclaim Defendant sufficiently disseminated his false statements to the relevant purchasing public through his web site and continues to disseminate those false statements notwithstanding this dispute.

23. Counterclaim Defendant's false statements constitute a violation of the Lanham Act, 15 U.S.C. § 1125.

24. Counterclaim Defendant's false statements have resulted in actual confusion among the purchasers and collectors of Mr. Indiana's artwork, and as a result that Mr. Indiana has suffered actual injury in the form of a loss of sales, profits or goodwill.

25. Counterclaim Defendant's false statements are willful violations of Mr. Indiana's rights in his artwork.

26. Pursuant to 15 U.S.C. § 1117, Mr. Indiana is entitled to injunctive relief, to Gilbert's profits, to compensatory damages in an amount to be proved at trial, to treble damages, to the costs of this action, and to reasonable attorneys' fees.

6522670.2

## COUNTERCLAIM COUNT II
### (Visual Artists Rights Act)

27.     Counterclaim Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

28.     "English Prem" is not a work by Mr. Indiana.

29.     Counterclaim Defendant has falsely stated that the "English Prem" sculptures and tapestries are works by Mr. Indiana.

30.     Counterclaim Defendant continues to disseminate such false statements regarding the "English Prem" on his web site.

31.     Counterclaim Defendant's false statements that the "English Prem" sculptures and tapestries are works by Mr. Indiana are a distortion, mutilation, and modification of Mr. Indiana's iconic work entitled "Love" and is therefore prejudicial to Mr. Indiana's honor and reputation.

32.     The Visual Artists Rights Act ("VARA"), 17 U.S.C. § 106A, grants artists the right of attribution.

33.     Under the right of attribution granted by VARA, Mr. Indiana has the right to prevent the use of his name on any work that he did not create.

34.     Under the right of integrity granted by VARA, Mr. Indiana has the right to prevent the use of his name as the author of the work of visual art that constitutes a distortion, mutilation, or other modification of the work which would be prejudicial to his honor or reputation.

35.     Counterclaim Defendant's false statements constitute willful infringement of Mr. Indiana's right of attribution and right of integrity in his artwork.

36.     Pursuant to VARA and 17 U.S.C. § 501 *et seq.*, Mr. Indiana is entitled to injunctive relief, to Gilbert's profits, to statutory damages, to compensatory damages in an amount to be proved at trial, to treble damages, to the costs of this action, and to reasonable attorneys' fees.

### COUNTERCLAIM COUNT IV
**(Breach of Contract)**

37.     Counterclaim Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

38.     In the event that this Court finds the parties to have entered into a valid agreement for the manufacture and promotion of the "English Prem," Counterclaim Defendant has breached that agreement.

39.     Counterclaim Defendant produced sculptures and tapestries based on a design that was not created by Counterclaim Plaintiff in accordance with the terms of the purported August 2, 2007 agreement and that was not provided in the form of a photograph as required by in the text of the purported August 2, 2007 agreement.

40.     Counterclaim Defendant did not obtain Counterclaim Plaintiff's approval for the creation of works pursuant to the purported August 2, 2007 agreement.

41.     Counterclaim Defendant failed to provide payments, royalties and financial statements required by the purported August 2, 2007 agreement.

42.     In the event that this Court finds the parties to have entered into a valid agreement for the manufacture and promotion of the "English Prem," the above-listed failures constitute a material breach of that purported agreement.

43.     Mr. Indiana has suffered damages as a result of such breach, including loss of profits and royalties and damage to reputation.

44. Mr. Indiana is entitled to compensatory damages for breach of contract in an amount to be proved at trial.

**WHEREFORE,** the Defendant respectfully requests the Court to enter an order:

a. Dismissing the Complaint with prejudice;

b. Awarding the Defendant damages, including Plaintiff's profits, statutory damages, compensatory damages, treble damages, costs, and reasonable attorneys' fees, pursuant to the Lanham Act and the Visual Artists Rights Act, and, in the alternative, compensatory damages for Breach of Contract;

c. Granting injunctive relief prohibiting Plaintiff's dissemination of false statements and false attributions of works not created by Defendant; and

d. Awarding such other relief as the Court deems just and proper.

Dated. October 30, 2009
       New York, NY

By. ___*William H. Sloane*___
William H. Sloane
Ronald D. Spencer
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Tel.  (212) 732-3200
Fax.  (212) 732-3232
*Attorneys for Defendant Robert Indiana*