Gary D. Sesser
Ronald D. Spencer
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3232
*Attorneys for Robert Indiana*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JOHN GILBERT,                                    :       ECF Case
                                                 :
                           Plaintiff,            :       Index No. 09 Civ. 6352 (DAB)
                                                 :
        - against -                              :
                                                 :       AMENDED ANSWER AND
ROBERT INDIANA,                                  :       COUNTERCLAIMS
                                                 :
                           Defendant.            :
------------------------------------------------------------- x

      Defendant Robert Indiana ("Defendant"), by and through his attorneys, Carter Ledyard & Milburn LLP, responds to and pleads affirmative defenses to the allegations of the amended complaint (the "Amended Complaint") of Plaintiff John Gilbert ("Gilbert" or "Plaintiff"), and alleges counterclaims against Gilbert, as follows:

## NATURE OF THE ACTION

    1.  The Defendant denies the allegations contained in paragraph 1 of the Amended Complaint.

    2.  The Defendant denies the allegations contained in paragraph 2 of the Amended Complaint.

    3.  The allegations contained in paragraph 3 of the Amended Complaint constitute legal conclusions to which no response is required.

## THE PARTIES

4. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

5. The Defendant admits the allegations contained in paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

6. The Defendant denies the allegations contained in paragraph 6 of the Amended Complaint.

7. The allegations contained in paragraph 7 of the Amended Complaint constitute legal conclusions to which no response is required.

## FACTUAL BACKGROUND

8. The Defendant admits that he has consented to litigate this dispute in New York, and denies the remaining allegations contained in paragraph 8 of the Amended Complaint.

9. To the extent paragraph 9 of the Amended Complaint repeats and realleges the allegations contained in paragraphs "1" to "8" of the Amended Complaint, the Defendant repeats and realleges his prior responses thereto.

10. The Defendant admits that in the past he entered into agreements with Plaintiff (other than the purported Agreement at issue in this action), and denies the remaining allegations contained in paragraph 10 of the Amended Complaint.

11. The Defendant admits he is a well known artist and that he has created works entitled "Eat," "Hug" and "Love," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Amended Complaint.

12. The Defendant admits that in the past he entered into certain agreements with Plaintiff (other than the purported Agreement at issue in this action), and denies the remaining allegations contained in paragraph 12 of the Amended Complaint.

13. The Defendant denies the allegations contained in paragraph 13 of the Amended Complaint.

14. The Defendant denies the allegations contained in paragraph 14 of the Amended Complaint.

15. The Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. The Defendant denies the allegations contained in paragraph 16 of the Amended Complaint.

17. The Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18. The Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.

19. The Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

20. The Defendant denies he entered into the purported Agreement at issue in this action and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Amended Complaint.

21. The Defendant denies he entered into the purported Agreement at issue in this action and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Amended Complaint.

6607211.2

22. The Defendant denies he entered into the purported Agreement at issue in this action and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Amended Complaint.

23. The Defendant admits that he has denied his authorship of certain works, and denies the remaining allegations contained in paragraph 23 of the Amended Complaint.

24. The Defendant denies the allegations contained in paragraph 24 of the Amended Complaint.

25. The Defendant denies the allegations contained in paragraph 25 of the Amended Complaint.

26. The Defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27. The Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28. The Defendant denies the allegations contained in paragraph 28 of the Amended Complaint.

29. The Defendant denies the allegations contained in paragraph 29 of the Amended Complaint.

30. The Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

## COUNT I
## BREACH OF CONTRACT

31. To the extent paragraph 31 of the Amended Complaint repeats and realleges the allegations contained in paragraphs "1" to "30" of the Amended Complaint, the Defendant repeats and realleges his prior responses thereto.

32. The Defendant denies the allegations contained in paragraph 32 of the Amended Complaint.

33. The Defendant denies he entered into the purported Agreement at issue in this action, denies knowledge or information sufficient to form a belief as to the truth concerning allegations of any expenditures or efforts by Plaintiff, and denies the remaining allegations contained in paragraph 33 of the Amended Complaint.

34. The Defendant denies the allegations contained in paragraph 34 of the Amended Complaint.

35. The Defendant denies the allegations contained in paragraph 35 of the Amended Complaint.

36. The Defendant denies he entered into the purported Agreement at issue in this action, and denies that he is liable for any damages to Plaintiff, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Amended Complaint.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

37. To the extent paragraph 37 of the Amended Complaint repeats and realleges the allegations contained in paragraphs "1" to "36" of the Amended Complaint, the Defendant repeats and realleges his prior responses thereto.

38. The Defendant denies he entered into the purported Agreement at issue in this action, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint.

39. The Defendant denies the allegations contained in paragraph 39 of the Complaint.

6607211.2

40. The Defendant denies the allegations contained in paragraph 40 of the Amended Complaint.

## COUNT III
## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

41. To the extent paragraph 41 of the Amended Complaint repeats and realleges the allegations contained in paragraphs "1" to "40" of the Amended Complaint, the Defendant repeats and realleges his prior responses thereto.

42. The Defendant denies he entered into the purported Agreement at issue in this action, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Amended Complaint.

43. The Defendant denies the allegations contained in paragraph 43 of the Amended Complaint.

44. The Defendant denies the allegations contained in paragraph 44 of the Amended Complaint.

45. The Defendant denies the allegations contained in paragraph 45 of the Amended Complaint.

## COUNT IV
## UNFAIR COMPETITION

46. To the extent paragraph 46 of the Amended Complaint repeats and realleges the allegations contained in paragraphs "1" to "45" of the Amended Complaint, the Defendant repeats and realleges his prior responses thereto.

47. The Defendant denies the allegations contained in paragraph 47 of the Amended Complaint.

48. The Defendant denies the allegations contained in paragraph 48 of the Amended

6607211.2

Complaint.

49. The Defendant denies the allegations contained in paragraph 49 of the Amended Complaint.

## COUNT V
## UNJUST ENRICHMENT

50. To the extent paragraph 50 of the Amended Complaint repeats and realleges the allegations contained in paragraphs "1" to "49" of the Amended Complaint, the Defendant repeats and realleges his prior responses thereto.

51. The Defendant denies the allegations contained in paragraph 51 of the Amended Complaint.

52. The Defendant denies he entered into the purported Agreement at issue in this action and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the Amended Complaint.

53. The Defendant denies the allegations contained in paragraph 53 of the Amended Complaint.

54. The Defendant denies the allegations contained in paragraph 54 of the Amended Complaint.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

55. To the extent paragraph 55 of the Amended Complaint repeats and realleges the allegations contained in paragraphs "1" to "54" of the Amended Complaint, the Defendant repeats and realleges his prior responses thereto.

56. The Defendant denies the allegations contained in paragraph 56 of the Amended

7

6607211.2

Complaint.

57. The Defendant denies the allegations contained in paragraph 57 of the Amended Complaint.

58. The Defendant denies the allegations contained in paragraph 58 of the Amended Complaint.

59. The Defendant denies the allegations contained in paragraph 59 of the Amended Complaint.

60. The Defendant denies he entered into the purported Agreement at issue in this action and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the Amended Complaint.

61. The Defendant denies the allegations contained in paragraph 61 of the Amended Complaint.

## COUNT VI
## NEGLIGENT MISREPRESENTATION (LANHAM ACT)

62. To the extent paragraph 62 of the Amended Complaint repeats and realleges the allegations contained in paragraphs "1" to "61" of the Amended Complaint, the Defendant repeats and realleges his prior responses thereto.

63. The Defendant denies the allegations contained in paragraph 63 of the Amended Complaint.

64. The Defendant denies the allegations contained in paragraph 64 of the Amended Complaint.

65. The Defendant denies the allegations contained in paragraph 65 of the Amended Complaint.

6607211.2

66. The Defendant denies the allegations contained in paragraph 66 of the Amended Complaint.

67. The Defendant denies the allegations contained in paragraph 67 of the Amended Complaint.

68. The Defendant denies the allegations contained in paragraph 68 of the Amended Complaint.

As to Plaintiff's WHEREFORE clause, Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

The Amended Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### UNCLEAN HANDS

Plaintiff's equitable claims are barred by reason of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### U.S. AND NEW YORK STATE CONSTITUTIONAL PRIVILEGE

Defendants' statements and expressions of opinion are protected and privileged under the First Amendment to the United States Constitution; Article One, Section Eight of the New York State Constitution; and Article One, Section Four of the Constitution of the State of Maine.

### FOURTH AFFIRMATIVE DEFENSE
### WAIVER AND ESTOPPEL/FAILURE TO SATISFY A CONDITION PRECEDENT

Plaintiff never supplied the photographs and designs or satisfied other conditions called for under the alleged Agreement.

### FIRST AFFIRMATIVE DEFENSE
### LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over the dispute.

## AMENDED COUNTERCLAIM AGAINST JOHN GILBERT

Robert Indiana (the "Amended Counterclaim Plaintiff" or "Mr. Indiana"), by and through his attorneys, Carter Ledyard & Milburn LLP, pursuant to Fed.R.Civ.P. 13, submit this Counterclaim against John Gilbert ("Amended Counterclaim Defendant" or "Gilbert"), and allege as follows.

### AMENDED COUNTERCLAIM PARTIES

1. Amended Counterclaim Plaintiff is an individual residing in Vinalhaven, Maine.

2. Upon information and belief, Amended Counterclaim Defendant is a resident of India and holds himself out as doing business in India and in New York, New York.

### JURISDICTION AND VENUE

3. This counterclaim is a compulsory counterclaim pursuant to Federal Rule of Civil Procedure 13(a).

4. This court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (b).

### FACTUAL ALLEGATIONS

6. Mr. Indiana is a renowned American artist.

7. Mr. Indiana is the creator of many iconic works, including "Love," in which the letters "L" and "O" are above the letters "V" and "E," with the letter "O" tilted on its side.

8. In 1995, Mr. Indiana entered into an agreement with Gilbert for the creation of certain limited edition tapestries depicting Mr. Indiana's "Love." That agreement specified the number and dimensions of the works in the authorized edition. Gilbert did not make timely full payments required by that agreement.

11

6607211.2

9. In 2007, Gilbert proposed an agreement for the production of an edition of works to be entitled "Prem Love."

10. Mr. Indiana did not enter into a binding agreement with respect to "Prem Love."

11. Mr. Indiana did not create or provide any artwork to Gilbert to be used in the manufacture of any works pursuant to the proposed 2007 agreement for works to be entitled "Prem Love."

12. Gilbert manufactured sculptures and tapestries depicting the word "Prem" in English or Roman letters, works referred to as "English Prem."

13. Mr. Indiana did not authorize or approve those works.

14. Gilbert has posted photographs of Mr. Indiana on Gilbert's web site for the purposes of commercial advertising or promotion of the "English Prem" sculptures and tapestries with explanatory text stating that those photographs depict Mr. Indiana checking and approving the English Prem sculptures and tapestries.

15. Gilbert has included images of Mr. Indiana's signatures on many pages of Gilbert's web site for the purpose of commercial advertising or promotion of the "English Prem" sculptures and tapestries.

16. Upon information and belief, "English Prem" sculptures have been offered for sale by Gilbert through Christie's and Sotheby's and art dealers.

17. Mr. Indiana, in response to inquiries from Christie's and Sotheby's, provided a letter stating that the "English Prem" was conceived by Gilbert in India and was not a work by Mr. Indiana.

18. Mr. Gilbert has created a web site, at www.johngilbertart.com, that contain statements that appear to be threats against Mr. Indiana relating to this litigation.

6607211.2

19. The works at www.johngilbertart.com include a painting entitled "Love #5," which includes text stating "If anyone tries to take the LOVE [written in the same form as Mr. Indiana's iconic painting] away from me, I will kill them," and a painting entitled "Bob #2," which includes text stating "He assigned his rights and my contract pre-dates that assignment."

20. To confirm that these messages were directed to Mr. Indiana, Mr. Gilbert emailed Mr. Indiana's assistant and specifically called her attention to www.johngilbertart.com.

## AMENDED COUNTERCLAIM COUNT I
(Lanham Act)

21. Amended Counterclaim Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

22. "English Prem" is not a work by Mr. Indiana.

23. Amended Counterclaim Defendant has falsely stated that the "English Prem" sculptures and tapestries are works by Mr. Indiana.

24. Amended Counterclaim Defendant has made such false statements in commercial advertising and promotion of the "English Prem" works.

25. Amended Counterclaim Defendant made such false statements for the purpose of influencing consumers to buy the "English Prem" sculptures and tapestries offered for sale by Counterclaim Defendant.

26. Amended Counterclaim Defendant sufficiently disseminated his false statements to the relevant purchasing public through his web site and continues to disseminate those false statements notwithstanding this dispute.

27. Amended Counterclaim Defendant's false statements constitute a violation of the Lanham Act, 15 U.S.C. § 1125.

28. Amended Counterclaim Defendant's false statements have resulted in actual confusion among the purchasers and collectors of Mr. Indiana's artwork, and as a result Mr. Indiana has suffered actual injury in the form of a loss of sales, profits or goodwill.

29. Amended Counterclaim Defendant's false statements are willful violations of Mr. Indiana's rights in his artwork.

30. Pursuant to 15 U.S.C. § 1117, Mr. Indiana is entitled to injunctive relief, to Gilbert's profits, to compensatory damages in an amount to be proved at trial, to treble damages, to the costs of this action, and to reasonable attorneys' fees.

## AMENDED COUNTERCLAIM COUNT II
### (Visual Artists Rights Act)

31. Amended Counterclaim Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

32. "English Prem" is not a work by Mr. Indiana.

33. Amended Counterclaim Defendant has falsely stated that the "English Prem" sculptures and tapestries are works by Mr. Indiana.

34. Amended Counterclaim Defendant continues to disseminate such false statements regarding the "English Prem" on his web site.

35. Amended Counterclaim Defendant's false statements that the "English Prem" sculptures and tapestries are works by Mr. Indiana are a distortion, mutilation, and modification of Mr. Indiana's iconic work entitled "Love" and is therefore prejudicial to Mr. Indiana's honor and reputation.

36. The Visual Artists Rights Act ("VARA"), 17 U.S.C. § 106A, grants artists the right of attribution.

37. Under the right of attribution granted by VARA, Mr. Indiana has the right to prevent the use of his name on any work that he did not create.

38. Under the right of integrity granted by VARA, Mr. Indiana has the right to prevent the use of his name as the author of the work of visual art that constitutes a distortion, mutilation, or other modification of the work which would be prejudicial to his honor or reputation.

39. Amended Counterclaim Defendant's false statements constitute willful infringement of Mr. Indiana's right of attribution and right of integrity in his artwork.

40. Pursuant to VARA and 17 U.S.C. § 501 *et seq.*, Mr. Indiana is entitled to injunctive relief, to Gilbert's profits, to statutory damages, to compensatory damages in an amount to be proved at trial, to treble damages, to the costs of this action, and to reasonable attorneys' fees.

## AMENDED COUNTERCLAIM COUNT III
### (Breach of Contract)

41. Amended Counterclaim Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

42. In the event that this Court finds the parties to have entered into a binding agreement for the manufacture and promotion of the "English Prem," Amended Counterclaim Defendant has breached that agreement.

43. Amended Counterclaim Defendant produced sculptures and tapestries based on a design that was not created by Amended Counterclaim Plaintiff in accordance with the terms of the purported Agreement at issue in this action and that was not provided in the form of a photograph as required by that purported Agreement.

6607211.2

44. Amended Counterclaim Defendant did not obtain Amended Counterclaim Plaintiff's approval for the creation of works pursuant to the purported Agreement at issue in this action.

45. Amended Counterclaim Defendant failed to provide payments, royalties and financial statements required by the purported Agreement at issue in this action.

46. In the event that this Court finds the parties to have entered into a binding agreement for the manufacture and promotion of the "English Prem," the above-listed failures constitute material breaches of that purported Agreement.

47. Mr. Indiana has suffered damages as a result of such breaches, including loss of profits and royalties and damage to reputation.

48. Mr. Indiana is entitled to compensatory damages for breach of contract in an amount to be proved at trial.

### AMENDED COUNTERCLAIM COUNT III
### (Unjust Enrichment)

49. Amended Counterclaim Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

50. Upon information and belief, Gilbert has earned profits by making unauthorized use of Mr. Indiana's name and reputation.

51. In equity and good conscience, Gilbert has no right to retain such profits.

52. Gilbert would be unjustly enriched if he was permitted to retain such profits.

**WHEREFORE,** the Defendant respectfully requests the Court to enter an order:

a. Dismissing the Amended Complaint with prejudice;

b. Awarding the Defendant damages, including Plaintiff's profits, statutory damages,

compensatory damages, treble damages, costs, and reasonable attorneys' fees, pursuant to the Lanham Act and the Visual Artists Rights Act, and, in the alternative, compensatory damages for Breach of Contract;

c. Granting injunctive relief prohibiting Plaintiff's dissemination of false statements and false attributions of works not created by Defendant; and

6607211.2

d. Awarding such other relief as the Court deems just and proper.

Dated June 1, 2010
      New York, NY

By. _____
Gary D. Sesser
Ronald D. Spencer
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Tel.  (212) 732-3200
Fax.  (212) 732-3232
*Attorneys for Defendant Robert Indiana*