1c26gilc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   JOHN GILBERT,

4                   Plaintiff,

5           v.                          09 CV 6352(KBF)

6   ROBERT INDIANA,

7                   Defendant.

8   ------------------------------x

                                        New York, N.Y.
9                                       December 2, 2011
                                        9:30 a.m.
10
    Before:
11
                    HON. KATHERINE B. FORREST,
12
                                        District Judge
13
                        APPEARANCES
14
    CARTER LEDYARD & MILBURN, LLP
15      Attorneys for Plaintiff
    BY:  GARY D. SESSER
16       JUDITH M. WALLACE
         RONALD D. SPENCER
17
    MEREDITH & KEYHANI, PLLC
18      Attorneys for Defendant
    BY:  DARIUSH KEYHANI
19

20

21

22

23

24

25

1c26gilc

1           (Case called; in open court)

2           THE DEPUTY CLERK:  Counsel please state your name for

3    the record.

4           MR. KEYHANI:  Darius Keyhani of Meredith & Keyhani for

5    the plaintiff, John Gilbert.

6           THE COURT:  Keyhani, is that how you pronounce it?

7           MR. KEYHANI:  Yes, your Honor.

8           THE COURT:  Thank you.

9           MR. SESSER:  Gary Sesser and Judith Wallace, Carter

10   Ledyard & Milburn for defendant Robert Indiana.

11          THE COURT:  Good morning.

12          MR. SESSER:  Good morning.

13          THE COURT:  We are here this morning for a couple of

14   different things.  One is that we have got some old business to

15   take care of.  Are you having a problem hearing back there?

16          UNIDENTIFIED PERSON:  A little bit.

17          THE COURT:  Are you one of the parties in the matter?

18          UNIDENTIFIED PERSON:  One of the lawyers.

19          THE COURT:  If you want to move up to the jury box, it

20   is fine with me.  Which lawyer are you?

21          UNIDENTIFIED PERSON:  Ronald Spencer, Carter Ledyard &

22   Milburn.

23          THE COURT:  Thank you, Mr. Spencer.

24          We're here for a couple different purposes today.  One

25   is to make sure we have all the dates in place that we need for

1  the future and then also I think to take care of some

2  unfinished business that was started by some letters last April

3  relating to the possibility of joining another individual and

4  it was unclear whether the individual would come with a new

5  claim or would be added to the existing unfair competition

6  Lanham Act claim already in the complaint.  So that was the

7  agenda that I had for this morning.

8        Did anybody else have any other items they wanted to

9  raise?

10        MR. SESSER:  We also had a request in our letter from

11  April for premotion conference on a motion to dismiss for lack

12  of subject matter jurisdiction and motion for summary judgment.

13  That was one of the letters we submitted earlier this week.

14        THE COURT:  I do see that.  You resubmitted that.

15  What I would like to do is deal first with understanding a

16  little bit about what Mr. Salama Caro -- is that the name of

17  the individual?

18        MR. KEYHANI:  Salama Caro as I understand it at least.

19        THE COURT:  What is his interest in the works and what

20  did he do that could rise to the level of a Lanham Act

21  violation?

22        MR. KEYHANI:  Yes, your Honor, may I sitting down

23  speak, is that okay?

24        THE COURT:  You can stand when you speak.  I meant you

25  could sit down when I first walked in.

1c26gilc

1          MR. KEYHANI:  We had subpoenaed a deposition of Mr.

2     Salama Caro.  At that point we weren't sure if he was going to

3     be a party or not.  So we probably will need some additional

4     testimony from him.

5          THE COURT:  How long did that deposition last?

6          MR. KEYHANI:  I am going to guess three or four hours.

7     Maybe three.  Again, from my recollection.  It wasn't a full

8     day.  It wasn't a seven-hour day of testimony.

9          If I may step back for a moment and just very briefly

10    summarize the dispute in this case just to give some context.

11         THE COURT:  I have read the complaint.

12         MR. KEYHANI:  Fine.  There is a claim for a breach of

13    contract.  There is a Lanham Act claims that John Gilbert is

14    bringing against Robert Indiana.  It turns out that Salama Caro

15    was the party -- he is the individual who contacted Sothebys,

16    Christie's we understand and told them, communicated to them I

17    understand at least verbally -- I don't know if there were any

18    writings - that these works that are at issue in this case are

19    not authentic works of Robert Indiana.  That claim, that claim

20    that they are not -- that these goods are not authentic works,

21    that these goods are not works that you sponsored, that is

22    whether they are in fact -- they are not associated, they are

23    sponsored, they are not his works.  That claim is a claim in

24    which I think there is precedent, a good precedent on that,

25    that it creates the Lanham Act cause of action.

1c26gilc

1          Your Honor, if I may --

2          THE COURT:  Let me stop you right there for one

3     second.  Was there testimony as to whether or not Mr. Salama

4     Caro was acting as the agent of someone else or was he acting

5     on his own?

6          MR. KEYHANI:  Mr. Salama Caro has served as an agent,

7     an art agent and some other titles I guess he has used on

8     behalf of Robert Indiana.

9          THE COURT:  You already got a Lanham Act claim against

10    Robert Indiana for unfair competition Lanham Act relating to

11    what sounds like essentially the same allegations.  If

12    Mr. Salama Caro was acting as an agent of Mr. Indiana, why is

13    that not sufficient?

14         MR. KEYHANI:  That is the problem.  We don't

15    believe -- it is not clear and it appears to me in making those

16    statements he was not acting as an agent of Robert Indiana.

17    That is the exact issue.  We also know -- we have learned

18    through discovery that he has worked -- he served as some kind

19    of an affiliate, agent, representative of the Morgan Art

20    Foundation that has -- that turns out through discovery -- some

21    of this is under privilege, but I can share it in this

22    courtroom -- that has rights, that has obtained rights and most

23    if not all of Indiana's works.  So he was on behalf of himself

24    and perhaps the art foundation making this claim and so it is a

25    bit convoluted the facts, but there are -- he basically has

1c26gilc

1    control and power over Indiana's works or at least in

2    influencing Indiana and his claim with Christie's and Sothebys

3    his allegations carry a lot of weight so much so that they

4    removed the works.

5           THE COURT:  Here is what I think I want to do with

6    this.  I have to tell you I am not convinced, but you may have

7    evidence in the record which you can cite in a complaint, in a

8    draft complaint, which you will accompany with your motion

9    papers to amend the complaint to add this Mr. Salama Caro.  But

10   I am not convinced that there is sufficient evidence right now

11   that he was not simply acting as the agent of Mr. Indiana.  So

12   what you would need to do is, sufficient so that he could have

13   an independent claim against him, what you would need to do is

14   make sure in your complaint make sure what your specific

15   allegations are that would meet the *Iqbal* and *Twombly* standard

16   in order to asserts a cause of action against him individually

17   but we will give you the opportunity to do so and let's set a

18   nearing briefing schedule for that.  We're not going to, by the

19   way, delay any of the other dates while this occurs.  Because

20   if you have got discovery that you think having Mr. Salama Caro

21   needs to occur if he is part of this case, you can do that as

22   third-party discovery alongside everything else anyway.

23          MR. KEYHANI:  Right.

24          THE COURT:  If you got good cause to reopen his

25   deposition then you can try to make out a case for good cause

1c26gilc

1      to reopen the deposition.

2              Let me ask Mr. Sesser or Ms. Wallace whether or not

3      you have any opposition if we at least allow briefing on this

4      April letter to amend the complaint to add this fellow?  I

5      understand you are not going to with enthusiasm endorse the

6      addition of this party, but do you have any opposition to

7      setting a briefing schedule?

8              MR. SESSER:  No.  I have no opposition for setting a

9      briefing schedule for that.  Our intent would be if an -- if a

10     further amendment is made to the complaint, we would file a

11     motion to dismiss for the grounds that we had set forth in our

12     letter from April.  So I don't think any of that changes

13     whether Mr. Salama Caro is in the case or not in the case

14     frankly.  I think the grounds are pretty much the same.

15             THE COURT:  Right.

16             MR. SESSER:  So it really doesn't affect our plans.

17             Mr. Salama Caro is obviously not represented by us.

18     He has other counsel.  He was a party in a related lawsuit that

19     Judge Batts just dismissed earlier in November.

20             THE COURT:  I read that opinion.  What is the

21     relationship between that case and this case, if any?

22             MR. SESSER:  Mr. Tovar who is the plaintiff in the

23     other case was a purchaser of these works from Mr. Gilbert,

24     Mr. Keyhani client.

25             THE COURT:  Let's set a briefing schedule for this.

1c26gilc

1          MR. KEYHANI:  Your Honor, just to clarify.  You said

2    you want to propose an amended complaint.  You also want a memo

3    letter?

4          THE COURT:  You will make a motion to amend and then

5    you will attach a copy of your proposed amended pleadings with

6    those papers.  One of the possibilities is that defendants will

7    say the defendants will say amendment is futile or Mr. Salama

8    Caro will -- well, until he is in, he is not in.  We will see

9    if there is a futility argument or not.  We'll proceed with

10   your motion as well and we'll talk about that in a second.

11         MR. KEYHANI:  Your Honor, just so you have a complete

12   record of the correspondence a couple days ago defendants sent

13   you the April 1, April 4th response letter.  There was a reply

14   letter that wasn't sent.  I would like to provide that for you.

15   It is April 9th letter, a reply letter, that was not faxed or

16   was delivered to you rather just for you so you have a full

17   record.  You probably could get it from Judge Batts.

18         THE COURT:  Sure.  Hand it to my deputy.

19         Let's do the following briefing schedule and then,

20   Mr. Sesser, why don't we then talk about your briefing schedule

21   as well and see if we can do it on the same schedule.

22         Since this has been pending so long and you know the

23   facts so well, Mr. Keyhani, that we would do December 16th with

24   a response of January 6th and then if there is a reply needed,

25   and I don't know that it will be needed, January 13th.  I

1c26gilc

1     assume these papers will be very short because you are going be

2     piggybacking on the unfair competition claims and you will be

3     citing evidence that you got in your --

4            MR. KEYHANI:  Yes.

5            THE COURT:  Now, Mr. Sesser, with your motion you have

6     a motion for summary judgment based on lack of subject matter

7     jurisdiction?

8            MR. SESSER:  Yes.  I think there is also a motion for

9     summary judgment if there is subject matter jurisdiction.

10    Essentially some part of the motion is that during the

11    deposition of the plaintiff Mr. Gilbert conceded that this

12    particular disputed work, which is known as English Prim was

13    not conceived by Mr. Indiana, was not designed by Mr. Indiana,

14    that Mr. Indiana never put pen to paper relating to this work,

15    he didn't fabricate the work and he didn't supervise the

16    fabrication of the work.  So given those admissions by the

17    plaintiff that there could be no claim based on Mr. Indiana's

18    statement that it is not his work.  So that is kind of the sum

19    and the substance of it.

20           THE COURT:  What is the lack of subject matter

21    jurisdiction?

22           MR. SESSER:  Mr. Gilbert is a U.S. citizen but not a

23    citizen of the state.  He was domiciled in India at the time

24    the complaint was filed.  When we deposed Mr. Gilbert, he

25    naturally talked about his residence in India and I asked him

1c26gilc

1    if he had an intent to remain and he said yes that he did and I

2    believe that is the standard for domicile.

3          THE COURT:  I actually just dismissed a case on very

4    similar grounds.  It probably posted this past week.  I will

5    wait to see what you have got to say on that where there was a

6    domicile in Canada, an American Airlines case.

7          What do you propose for a briefing schedule for that?

8          MR. SESSER:  I think we could do December 19th for

9    that.

10         THE COURT:  December 19th.  So it is a couple days

11   after the other.  So it gives you a couple days.  I call it

12   breathing room.  Not a lot of breathing room but you will be

13   getting his brief, Mr. Keyhani's brief on the 16th.

14         MR. SESSER:  Yes.

15         MR. KEYHANI:  Your Honor, if we just because of the

16   holidays coming up move it so I don't have to be doing the

17   briefing on Christmas day.  We would be responding or working

18   on a response if it was possible to push back.

19         THE COURT:  Why don't we deal with that in terms of

20   the opposition timing.

21         MR. KEYHANI:  Fair enough.

22         THE COURT:  I would like to have it on the 19th

23   because I will have time during the holidays to start reviewing

24   some of the law in this area.  So why don't we go with the

25   19th.

1c26gilc

```
 1              And then for the opposition then, Mr. Keyhani, what
 2     are you thinking you would need?  A summary judgment is
 3     different than amending a pleading to add a party.  In light of
 4     the holidays, how about 30 days?
 5              MR. KEYHANI:  December --
 6              THE COURT:  No, January.
 7              THE DEPUTY CLERK:  The 23rd.
 8              MR. KEYHANI:  I am going to be traveling to Hawaii.
 9     Can I get another week?
10              THE COURT:  I think it is great beach reading.
11              MR. KEYHANI:  Sometimes.  If you are down in Florida,
12     but not Hawaii because it will be nice there.
13              THE COURT:  Normally it is 20 days, but we have the
14     holidays.  What are your Hawaii plans?
15              MR. KEYHANI:  I am planning -- I was going to Maui
16     where I am from on January 7th, 6th or 7th, and coming back the
17     following weekend or the Monday.  So on the 15th or 16th.
18              THE COURT:  So you are proposing we push it to the
19     23rd?
20              MR. KEYHANI:  What date is that, a Monday?
21              THE COURT:  A monday.
22              MR. KEYHANI:  That's fine.
23              THE COURT:  So 1-23.  And 1-30 for any reply,
24     Mr. Sesser.  If you find that the 56.1 or there are additional
25     factual issues that require a little more time, we can expand
```

 1    that by a few days if the reply time is not sufficient.

 2         MR. SESSER:  Could we make that 10 days?

 3         THE COURT:  Sure.  Let's do that.  That would put us

 4    at February 2.  Make a reply February 2nd.  The motion for

 5    summary judgment by the defendants will be submitted to the

 6    Court on December 19th with an opposition on the 23rd of

 7    January and a reply on the second of February.  I think that

 8    takes care of the potential motions that you folks have been

 9    talking about to date.

10         MR. KEYHANI:  Yes, your Honor.  I know we're not

11    arguing motions, but I would like to make a couple sentence

12    about a couple factual points that Mr. Sesser raised.

13         THE COURT:  Sure.

14         MR. KEYHANI:  If the Court would indulge me

15    Mr. Gilbert never testified that he conceded the idea of the

16    Prim.  It is a misrepresentation of his testimony.

17         THE COURT:  Presumably I will get the deposition.  I

18    did this this morning with another summary judgment motion.

19    Let me suggest I would like the entire transcript because I

20    find that when people give me excerpts for very important

21    transcripts, sometimes I am left hanging.  It is like going to

22    a movie and not getting the punchline.  So just today I had to

23    ask parties to give me the entirety.  That is not true for

24    cases with gazillions of depositions.  But for this case I

25    would like the entirety.  The same for Mr. Salama Caro I would

1    like the entire deposition.

2              MR. SESSER:  When you say "video deposition," would

3    you like the video portion?

4              THE COURT:  If you think it is relevant.  If you think

5    the visual portion is relevant then, yes.  If the visual

6    portion does not add much, I just assume not have to put it in

7    the computer.

8              MR. KEYHANI:  Another point, which your Honor you

9    handle a lot of cases and you may forget these specific facts,

10   John Gilbert is a U.S. citizen.  He has a residence in New

11   York, was in India on a business and tourist visa for an

12   extended period of time, but never changed his domicile.  If

13   you look, as your Honor is familiar with, domicile law is

14   nuanced and you have to have intent to permanently move to

15   another location, not just the fact that you are staying there

16   for a certain period time.  Even the tax code has a distinction

17   between bona fide residence and domicile.  Obviously Gilbert,

18   and the record is very clear, in fact he is no longer there.

19   He has moved to Hawaii for some time.

20             THE COURT:  What do you mean for some time?  Is he

21   there on a job?  Is he there on an extended vacation?

22             MR. KEYHANI:  No.  He has been there for about six --

23   five months.  He has permanently moved to Hawaii.  He lives

24   there.  His art is there.  He has a place.  All of that.  That

25   is after the filing of this plea so where he is now is not

1c26gilc

 1    necessarily at issue but really where he was.  For most of his

 2    life, he lived in New York.  He went to India on a business and

 3    tourist visa.  He stayed there for a number of years and he

 4    would come back and forth to New York.  He never intended to

 5    make India his domicile and there is a lot of law on that.

 6            THE COURT:  Mr. Keyhani, I understand the point.  It

 7    is a mixture of law and fact so you can brief that.

 8            MR. KEYHANI:  Absolutely.

 9            THE COURT:  There will be another aspect of the

10    summary judgment motion that is separate and apart from the

11    jurisdictional issue as well that will be briefed.

12            MR. KEYHANI:  That is all I wanted to point out, your

13    Honor.

14            THE COURT:  You will put in whatever evidence there is

15    on that and Mr. Sesser or Ms. Wallace will do the same and

16    we'll sort through it.

17            MR. KEYHANI:  Thank you.

18            THE COURT:  Being a U.S. citizen if you are not

19    domiciled here does create some issues, but you have facts that

20    suggest that he is domiciled or was at the time and you'll put

21    those forward.

22            Let's walk through some of the other dates that we

23    have got for this case.  I think there was not a general all

24    purpose case management order put in place.  We'll issue one.

25    We'll have the following dates put in place.  Actually, before

1c26gilc

that let me just go through a couple of our normal questions,
which is do the parties consent or not consent to having all
proceedings, including trial, of this matter occur before a
magistrate?

          MR. KEYHANI:  Your Honor, I do not have a problem with
that.  We're fine with having the magistrate.  Either way is
fine.  We do consent.

          MR. SESSER:  We do not.

          THE COURT:  Have settlement discussions taken place?

          MR. KEYHANI:  Yes, your Honor.  A number of them have
taken place.

          THE COURT:  I don't want to know about the contents.

          MR. KEYHANI:  They have taken place but we have not
resolved the case.

          THE COURT:  Do you think it will be useful to have a
reference to a magistrate judge for purposes of settlement?

          MR. KEYHANI:  Perhaps.

          THE COURT:  I will tell you what I will do, we'll
issue an order with a reference to magistrate judge for
settlement purposes.  You need not take advantage of that.  I
am not going to order you to a settlement conference or
mediation conference, but we'll notify the magistrate assigned
to this matter that there is a reference for settlement.  If
you jointly agree that it will be useful, you can proceed in
that way.

1c26gilc

1        I take it you've all done whatever you have to do

2   under Rule 26 at this late date?

3        MR. KEYHANI:  Yes.

4        MR. SESSER:  Yes.

5        THE COURT:  So the fact discovery in this case we're

6   going to suggest should be completed.  I had originally had it

7   by February 3, but let's move that by two weeks because of the

8   briefing that we have now got on here.

9        What would be a February 3 plush 14, February 17.

10  That is going to be the close of all fact discovery.  Any final

11  requests for production of documents should be done before the

12  end of this month.  If you believe you need to ask for

13  documents relating to a Mr. Salama Caro, don't wait until after

14  you've gotten a decision on the motion to join.  You should do

15  it by subpoena.

16       MR. KEYHANI:  Yes.

17       THE COURT:  Interrogatories by January 6 if any.

18  Depositions to be completed by again February 17th.  Request to

19  admit would be a few days.  I am moving the dates now because

20  of the briefing.

21       Give me one week, Joe, after February 17th.

22       THE DEPUTY CLERK:  24th.

23       THE COURT:  February 24th.  Are there going to be any

24  experts in this matter if this is not resolved on summary

25  judgment?

1c26gilc

1    MR. KEYHANI:  Yes, your Honor.  We anticipate a couple

2    of experts in this case.

3         THE COURT:  So let's have expert disclosures of who

4    they are and why don't you work out the reports.  You will be

5    doing it in a fairly tight time frame because we have fact

6    discovery completed on February 17th and we're going to set

7    this matter down for trial on April 9th and what we're going to

8    do is build in your expert disclosures of the names and also

9    your reports.  Why don't you folks confer and --

10        MR. KEYHANI:  Get back to you about that.

11        THE COURT:  Right.  Don't get back with competing

12   letters that contain argument.  Get back either with dates or

13   say we cannot agree on dates and I will set dates for you.

14        MR. KEYHANI:  Fair enough.

15        THE COURT:  A final pretrial order on March 23rd.

16        And a final pretrial conference, Joe, one week after

17   that?

18        THE DEPUTY CLERK:  March 30.

19        THE COURT:  What time of day?

20        THE DEPUTY CLERK:  1:00.

21        THE COURT:  March 30th at 1:00 p.m.  Is this to be

22   tried to a jury?

23        MR. KEYHANI:  Yes.

24        THE COURT:  You say for a week?

25        MR. KEYHANI:  About a week.

1c26gilc

1           THE COURT:  Mr. Sesser, do you agree with that?

2           MR. SESSER:  That is probably about right.

3           MR. KEYHANI:  It could take a day or two more.

4           THE COURT:  We'll do the box method and get a jury on

5    the first day.

6           I think those are the dates, Rebecca.

7           The pretrial order.  I guess the last thing is the

8    final pretrial order.  That is March 23rd.  Those are matters

9    that I had to raise.  Is there anything else that you folks

10   would like to raise today?

11          MR. KEYHANI:  I don't believe so, your Honor.

12          MR. SESSER:  One thing in relation to the motion.

13          THE COURT:  Your motion, Mr. Sesser?

14          MR. SESSER:  Yes.  Although, I think it is Mr.

15   Keyhani's issue actually.  With respect to Mr. Gilbert's

16   citizenship, we intend to rely on tax returns that he filed.  I

17   think that Mr. Keyhani previously had a confidentiality concern

18   related to that.  I think a special court order is required to

19   file something under seal.  We went back and forth last spring

20   on this and we were happy to file it under seal if Mr. Keyhani

21   got the order authorizing that.

22          THE COURT:  Is there a protective order in this case?

23          MR. KEYHANI:  No, your Honor.  If we can have a

24   protective order entered in this case.  We already have the

25   documents that have been designated as attorneys eyes and we

1c26gilc

1    can put those under the protective order.  That will be fine.

2              THE COURT:  I am sure that you folks must have

3    protective orders that you can --

4              MR. SESSER:  There is a separate protective order, but

5    it does not deal with these particular documents.  That was the

6    issue.

7              MR. KEYHANI:  We can have a general one, yes, your

8    Honor.

9              MR. SESSER:  As long as we can use the documents,

10   we're fine with confidentiality.  Just we want to be able to

11   use them in connection with the motion.

12             THE COURT:  As an isolated matter, the documents

13   relating to the tax returns of Mr. Gilbert may be filed under

14   seal in connection with motions that are to occur on the

15   schedules we discussed today.  That is so ordered.

16             There is a separate issue I am a little confused by.

17   Is there a protective order signed between the two parties in

18   this case?

19             MR. KEYHANI:  No, there is not one.  A broad one.

20   There were a couple documents that was a deal over, but there

21   is not a protective order in this case.

22             THE COURT:  You may not need one if it turns out the

23   only documents you want to file under seal relate to these tax

24   returns.  If this is going to be a bigger issue that is going

25   to affect other documents in connection with a motion for

1c26gilc

1  summary judgment or something else because a deposition that

2  has been designated as confidential or something else, I would

3  suggest you do a general protective order which I can so order

4  which will contain a provision for the filing of those

5  documents.  That happens all the time.  That allows us not to

6  come back for individual orders for sealing every time.

7         MR. KEYHANI:  I believe there is a document.  The

8  agreement is with the Morgan Art Foundation that was used in

9  the other case that we want to use.  So we may want to have a

10 protective order to cover that.

11        THE COURT:  Why don't you folks confer on that.  If

12 you have one, you can contain a provision in it for filing

13 documents under seal.  There are lots of examples on ECF and

14 then I can so order it if you comply with the normal kinds of

15 provisions.

16        Anything else?

17        MR. SESSER:  I don't think so.

18        MR. KEYHANI:  Thank you.

19        THE COURT:  I have set the dates in this case.  We

20 have some motions coming.  I will deal with them promptly.

21 We'll have a trial on April 9th if this is not resolved by

22 motion or otherwise.  I am quite interested and anxious to have

23 as many trials as possible.  I already have had some and am

24 going to continue to have as many as possible.  I do not

25 hesitate to set things down for trial.  I will hold these dates

1c26gilc

1    also.  I will not be moving the dates.  So this is not a fake

2    trial date.

3              MR. KEYHANI:  Your Honor, we look forward to it.

4              THE COURT:  We're adjourned.

5                              o0o

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25